IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID CARROW**                                                              **PLAINTIFF**

V.                                **CASE NO. 3:18-CV-03014**

**LIEUTENANT JERRY WILLIAMS,**
**Carroll County Detention Center (CCDC);**
**OFFICER MARKLE, CCDC; and**
**OFFICER OLIVERIO, CCDC**                          **DEFENDANTS**

## OPINION AND ORDER

Plaintiff David Carrow filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for pre-service screening pursuant to the Prison Litigation Reform Act ("PLRA"). The PLRA modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state claims upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

Plaintiff is incarcerated in the Carroll County Detention Center ("CCDC"). Plaintiff has asserted two claims: denial of medical care and negligence. According to the allegations of the Complaint (Doc. 1), Plaintiff sought medical care on December 25, 2017, concerning his blood pressure and pain medications that he had previously been prescribed. He alleges that he was denied medical care by Lieutenant Williams until

January 5, 2018. Plaintiff also alleges that this particular denial of medical care resulted in "prolonged pain and suffering." *Id.* at 8.

In addition, Plaintiff contends that in December, he was experiencing severe depression "and mental instabilities, accompanied by urges and thoughts of suicide." *Id.* His requests to see a doctor or mental health professional were denied by Lieutenant Williams. In fact, Plaintiff claims that as of the date of the Complaint, January 24, 2018, he has not yet seen a mental health professional, received any medication for his mental health condition, and has not been removed from the general population for evaluation.

The Complaint also contains two other incidents in which Plaintiff claims he was denied appropriate medical care. On January 11, 2018, Plaintiff suffered from "severe dia[rrhea] and vomiting for several hours." *Id.* He filed medical requests and made "multiple verbal requests to Officer Oliverio and Officer Markle for medical assistance," but both officers failed to provide him with medical care. *Id.* Next, Plaintiff claims that sometime in January, he broke his hand. Instead of being taken to a medical professional for evaluation, he "was given an ace bandage without any proper diagnosis." *Id.* Plaintiff blames Lieutenant Williams for ignoring or denying his requests for medical care for his hand.

Plaintiff's final claim is that the CCDC has a custom and unwritten policy of simply ignoring the medical needs of inmates. According to Plaintiff, this policy, custom, and culture has been instituted through the jail administrator's failure or unwillingness to provide needed medical care. He further contends that officers who deny medical care to the inmates are not disciplined or sanctioned.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Here, Plaintiff has sued all three Defendants in their personal capacities for both denial of medical care and for negligence.[1] As per the case law established by the United

---

[1] Plaintiff has also sued the Defendants in their official capacities, as well; however, a suit against an officer in his official capacity is tantamount to a suit against the officer's

States Supreme Court, mere negligence will not create a constitutional violation that is actionable under Section 1983. The negligence claims against all Defendants are therefore subject to dismissal. This leaves Plaintiff's claims for deliberate denial of medical care.

The Eighth Amendment's prohibition against cruel and unusual punishment establishes the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (internal quotation marks and citation omitted). "For this reason, the Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (citing *Estelle*, 429 U.S. at 104).

The Court finds that Plaintiff's deliberate-indifference claim against Officers Markle and Oliverio is subject to dismissal. In order to succeed on such a claim, an inmate must show both that he had an objectively serious medical need and that the defendant or defendants were deliberately indifferent to that need. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (citations omitted). "A medical need is serious when it has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006) (citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or

---

employer, which in this case is Carroll County, Arkansas. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted).

Here, Plaintiff's deliberate-indifference claims against Officers Markle and Oliverio stem from a single incident on January 11, 2018, when Plaintiff suffered from vomiting and diarrhea for several hours. Taking the allegations in the Complaint as true, the symptoms Plaintiff experienced on this date were temporary in nature, and there is no indication that Plaintiff suffered any long-term harm from an alleged failure to provide him with medical treatment. As the symptoms alleged do not constitute a "serious medical need," they cannot serve as the basis for a constitutional claim against Officers Markle and Oliveiro. *Cf. Martinson v. Leason*, 22 F. Supp. 3d 952, 963 (D. Minn. 2014) (diarrhea, cough, bloody sputum, and other cold-like symptoms did not constitute serious medical need); *Ware v. Fairman*, 884 F. Supp. 1201, 1206 (N.D. Ill. 1995) (flu-like symptoms not serious medical need); *see also Allen v. Ferrel*, No. 11-cv-01424, 2013 WL 1222127, *9 (D. Colo. Feb. 13, 2013) (vomiting, stomach cramping, and diarrhea not a serious medical need).

Even assuming that Plaintiff suffered from a serious medical need for the several hours that he experienced vomiting and diarrhea, the allegations in his Complaint are insufficient to establish that Officers Markle and Oliveiro knew that Plaintiff faced a substantial risk of harm and deliberately disregarded that risk. *McRaven v. Sanders*, 577 F.3d 974, 981 (8th Cir. 2009) ("To be liable for deliberate indifference, an official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw that inference.") (internal quotation marks and citations omitted). The claims against Officers Oliverio and Markle are therefore subject to dismissal.

### III. CONCLUSION

For the reasons stated, the negligence claim against all Defendants is subject to dismissal, and the claim for deliberate indifference against Officers Markle and Oliverio is also subject to dismissal. These claims are frivolous or fail to state claims upon which relief may be granted. Therefore, they are **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii). The Clerk is **DIRECTED** to terminate Officers Markle and Oliveiro from the case.

This leaves for further disposition the denial of medical care claim against Lieutenant Williams. The Complaint will be served on him.

**IT IS SO ORDERED** on this 16th day of February, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE